Christopher J. Cassar, P.C.
*Attorneys for Plaintiff*
13 East Carver Street
Huntington, NY 11743
(631) 271-6596
(631) 351-0196
     CHRISTOPHER J. CASSAR (CC-4520)

CV-03 5463

FILED
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D N.Y

★  OCT 29 2003  ★

LONG ISLAND OFFICE

SPATT, J.
WALL, M.J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DANIEL TALIA,

       Plaintiff,

   -against-

UNITED STATES OF AMERICA,
COUNTY OF SUFFOLK, SUFFOLK
COUNTY POLICE DEPARTMENT,
JOHN GALLAGHER, in his official
capacity, and RICHARD NEEMS,
in both his individual and official capacities,

       Defendants.
-----------------------------------------------------------X

Docket No. (S.I.)

**VERIFIED COMPLAINT**

**Plaintiff Demands a Trial by Jury**

     Plaintiff, **DANIEL TALIA**, by his attorney, CHRISTOPHER J. CASSAR, as and for his complaint against the Defendants **UNITED STATES OF AMERICA, COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, JOHN GALLAGHER**, in his official capacity, and **RICHARD NEEMS**, in both his individual and official capacities, sued herein both individually and collectively, respectfully alleges as follows:

## INTRODUCTION

    1.    This is a proceeding for damages to redress the deprivation of rights secured to the Plaintiff under the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked under 28 U.S.C. §1331 and 28 U.S.C. § 1343(3).

3. Venue is proper pursuant to 28 U.S.C. §1391 as the unlawful practices alleged below were committed in Suffolk County within the State of New York. Accordingly, venue lies in the United States District Court for the Eastern District of New York.

## PARTIES

4. Plaintiff DANIEL TALIA at all times relevant to this matter was and is a resident of Suffolk County.

5. Upon information and belief, the Defendant COUNTY OF SUFFOLK is a municipality and/or a municipal corporation duly organized and existing in the State of New York under the municipal and other public laws of the State of New York.

6. Upon information and belief, the Defendant SUFFOLK COUNTY POLICE DEPARTMENT is a municipal agency of the County of Suffolk duly organized and existing under the municipal and other public laws of the State of New York.

7. Upon information and belief, the Defendant JOHN GALLAGHER at all times relevant to this matter was and is the Police Commissioner of the Suffolk County Police Department.

8. Upon information and belief, the Defendant RICHARD NEEMS at all times relevant to this matter was and is a police officer employed by the Suffolk County Police Department.

9. Upon information and belief, at all times relevant to this matter and in all actions of the Defendants alleged herein, the Defendants were acting under color of law and pursuant to their

authority as employees of the United States of America and/or the County of Suffolk.

## STATEMENT OF FACTS

10. The Plaintiff, Daniel Talia (hereinafter referred to as "Mr. Talia"), is a male citizen of Italian descent.

11. Defendant, Richard Neems (hereinafter referred to as "Defendant Neems"), is a police officer employed by the Suffolk County Police Department.

12. Defendant, John Gallagher (hereinafter referred to as "Defendant Gallagher), is the Commissioner of the Suffolk County Police Department.

13. At all times relevant to the allegations contained in this complaint, the Defendants were acting under color of the law and pursuant to the authority of their respective employment.

14. On or about September 26, 2001, Defendant United States of America (hereinafter referred to as "Defendant USA") presented a case to a grand jury in which Defendant Neems testified on behalf of Defendant USA.

15. In that grand jury testimony, Defendant Neems willfully and purposefully mislead and/or lied to the Grand Jury on behalf of the Defendant USA in order to procure a criminal indictment against Mr. Talia.

16. Defendant USA and Defendant Gallagher either knew, or should have known, that Defendant Neems was not being absolutely truthful in his testimony to the grand jury regarding the alleged criminal activity of Mr. Talia.

17. Solely as a direct result of the purposefully misleading and/or untruthful testimony of Defendant Neems, Mr. Talia was indicted by the Grand Jury under Indictment No. 01-CR-382 and

charged with racketeering, extortionate extension of credit conspiracy, extortionate collection of credit conspiracy, gambling, structuring, conspiracy to collect unlawful debts, violence in the aid of racketeering, and using and carrying a firearm.

18. The criminal indictment included allegations that Mr. Talia was a member of the "Bonnano organized crime family of La Cosa Nostra."

19. On or about October 30, 2002, Defendant Neems testified at the criminal trial of the United States v. Daniel Talia, on behalf of the Defendant USA, at which time Defendant Neems admitted under oath that he had mislead the Grand Jury with respect to the charges against Mr. Talia.

20. But for this misleading testimony before the Grand Jury by Defendant Neems, no criminal indictment would have been handed down concerning Mr. Talia.

21. In or about November of 2002, Mr. Talia was acquitted by a jury of all charges brought against him by Defendant USA.

22. Upon information and belief, Defendant USA and Defendant County of Suffolk have permitted the formulation of an unwritten policy that "misleading" or less than truthful testimony by their employees is permissible before a Grand Jury in order to procure criminal indictments against individuals in high profile cases involving allegations of organized crime activity.

23. Upon information and belief, Defendant Neems has suffered no adverse employment action as a result of his admission that he had provided misleading testimony to the Grand Jury regarding Mr. Talia.

24. Mr. Talia has suffered, and continues to suffer, extreme emotional distress, embarrassment, and public humiliation as a result of his wrongful arrest and the publication of these false charges against him.

25.     Mr. Talia has suffered, and continues to suffer, great financial expense in order to defend himself against these false criminal charges.

## AS AND FOR A FIRST CAUSE OF ACTION
## UNDER 42 U.S.C. § 1983

26.     The Plaintiff repeats and reiterates each of the allegations in paragraphs "1" through "25" above with the same force and effect as though fully set forth herein.

27.     Defendants, acting under the color of the law, have deprived the Plaintiff of his rights in violation of the Fourteenth Amendment and 42 U.S.C. § 1983.

28.     The Defendants have a duty to provide and ensure the enforcement of all rules, regulations and laws necessary to protect the Plaintiff from acts of their officials undertaken while in their official capacities under the color of the law.

29.     Defendants, by their conduct, intentionally, willfully and without any justification or provocation whatsoever, and in violation of 42 U.S.C. § 1983, did deprive the Plaintiff of his rights, privileges and immunities secured to him by the Constitution and the laws of the United States, including, but not limited to, his right to be secure in his person, to be free from punishment without due process, and the equal protection of the law as provided by the Fourteenth Amendment of the Constitution.

30.     Plaintiff has suffered, and will continue to suffer, irreparable injury, mental anguish and humiliation as a result of the Defendants' conduct until this court and/or a jury grants relief.

31.     The Defendants knew or should have known that they violated the Plaintiff's rights under the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

32.     In the manner described herein, the Defendants acted with reckless disregard of

Plaintiff's constitutional and federally protected rights.

33. As a direct and proximate result, the Plaintiff has been deprived of liberty, due process, and the equal protection of the laws, and has been damaged in an amount to be decided by a court or jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays for judgment against the Defendants as follows:

(a) As and for a First Cause of Action based upon a violation of 42 U.S.C. § 1983 in an amount to be determined at trial for compensatory and punitive damages, plus attorneys' fees, with interest, costs and disbursements;

(b) An Order awarding Plaintiffs costs and disbursements and such other and further relief as is deemed appropriate by the Court;

(c) An Order awarding Plaintiffs such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff herein demands a trial by jury of all issues in this action.

Dated: Huntington, New York
October 30, 2003

Respectfully submitted,

CHRISTOPHER J. CASSAR, P.C.
*Attorneys for Plaintiff*

Christopher J. Cassar, Esq. (CC-4520)
13 East Carver Street

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
DANIEL TALIA,                        :
                                     :    Case No.:
                        Plaintiff,   :
                                     :    VERIFICATION
        -against-                    :
                                     :
UNITED STATES OF AMERICA,            :
COUNTY OF SUFFOLK,                   :
SUFFOLK COUNTY POLICE DEPARTMENT,    :
JOHN GALLAGHER, in his official      :
capacity, and RICHARD NEEMS,         :
in both his individual and official  :
capacities,                          :
                                     :
                        Defendants.  :
-------------------------------------X
STATE OF NEW YORK )
                  ) ss.:
COUNTY OF SUFFOLK )
```

DANIEL TALIA, being duly sworn, deposes and says:

I am the Plaintiff in the action herein. I have read the foregoing complaint and know the contents thereof and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

_____
DANIEL TALIA

Sworn before me this
29th day of October 2003

_____
Notary Public

CHRISTOPHER J. CASSAR
Notary Public, State of New York
No. 02CA4987347
Qualified in Suffolk County
Commission Expires Oct. 15, 2005